Argued May 7, affirmed June 22, 1915.

## SCHOOL DISTRICT NO. 5 *v.* NEDER.[*]

(149 Pac. 535.)

**Adverse Possession—"Color of Title"—What Constitutes.**

1. Where a town site, as granted by the federal government, was larger than the town plat, so that there was a discrepancy between the description in deeds locating land with respect to the town site and those with respect to the plat, a deed conveying property with reference to the town site is color of title to land held by plaintiff in the platted portion.

   [As to color of title sufficient to sustain adverse possession, see notes in 14 Am. Dec. 580; 88 Am. St. Rep. 701.]

**Adverse Possession—Adverse Title—Sufficiency.**

2. An actual adverse holding of land for 25 years ripens into title.

From Baker: GUSTAV ANDERSON, Judge.

In Banc. Statement by MR. JUSTICE BURNETT.

This is a suit by School District No. 5 of Baker County, Oregon, against J. H. Neder.

After stating the corporate entity of the plaintiff the complaint has this allegation:

"That at this time the plaintiff is in the sole, actual and exclusive possession of the following strip or tract of land, to wit: Commencing at a point on the south side line of Center Street, in the city and county of Baker, State of Oregon, according to the recorded official plat of said City of Baker in the office of the county clerk of said county, 344 feet west from the intersection of said side line with the west side line of Fourth

---

[*]As to color of title of land in case of overlapping grants, see note in 15 L. R. A. (N. S.) 1245.                REPORTER.

Street in said city, thence running south at right angles with said south side line of said Center Street 162 feet; thence west 18.24 feet; thence north 162 feet to said south side line of said Center Street and perpendicular thereto, and thence east on said south side line of Center Street 18.24 feet to the place of beginning, and that plaintiff and its predecessors in interest have been in the sole, actual, exclusive, hostile, open, notorious and uninterrupted possession of the said premises under claim of right of ownership for more than 27 years last past.''

Averring, in substance, that the defendant asserts some interest in the plot of ground described, which claim is without foundation or right, the plaintiff prays that it be decreed to be the owner in fee of the premises, that its title be quieted, and that the defendant be held to have no estate therein. The answer denies all the averments of the complaint except the defendant's claim to the ground and plaintiff's corporate character, and alleges fee-simple ownership and exclusive possession of the tract in defendant for more than 10 years last past. The reply traversed the allegations of the answer. The Circuit Court rendered a decree favorable to the plaintiff, and the defendant appeals.                                        Affirmed.

For appellant there was a brief over the names of *Mr. A. A. Smith* and *Mr. John L. Rand,* with an oral argument by *Mr. Smith.*

For respondent there was a brief with an oral argument by *Mr. William Smith.*

Mr. Justice Burnett delivered the opinion of the court.

The general government formerly granted the southeast quarter of the southeast quarter of sec-

tion 17 in township 9 south, range 40 east of Willamette Meridian as the town site of Baker City, now the City of Baker, in the county of the same name in this state. The government title to the land lying west of this town site was acquired by J. M. Boyd. His first alienation was dated April 4, 1871, and conveyed to Baker City Academy a tract thus described:

"Commencing at the northwest corner of the town site of Baker City; thence due west five chains; thence due south eight chains; thence due east five chains; thence due north eight chains to the place of beginning containing four acres,"

—which is also designated in the deed as "situate in the southwest quarter of the southeast quarter" of section 17 above named. By regular mesne conveyances the plaintiff succeeded to this grant by that description. Boyd subsequently conveyed other lands lying immediately west of the plot sold to the academy by description "commencing at the northwest corner of the Baker City Academy Block." Substantially this form of designation of the beginning point was used for subsequent deeds to land lying immediately west of the plaintiff's holdings until the year 1904, when one of the defendant's predecessors in title conveyed by warranty deed property in Baker City "commencing at a point on the south line of Center Street 362.24 feet west from the intersection of the south line of Center Street and the west line of Fourth Street," and on the same date quitclaimed to the same grantee a tract bounded by beginning 344 feet west of the intersection of street lines already noted, and describing a strip 18.24 feet wide abutting upon the east boundary of the land included in the warranty deed. This strip is the subject of the present controversy.

It appears in evidence that in 1868 lots in blocks
with streets and alleys were laid out by authority, on
the government town site of Baker City.   Beginning
at the east side of the 40 acres granted for that pur-
pose the plat of these municipal subdivisions shows
from east to west:

| | |
|---|---|
| Front Street ...................... | 100 feet wide |
| Blocks 1, 8, 9, 16, with 16½ feet alley in each and two lots 100 feet each 4 blocks 216½ feet each........... | 866 feet |
| First, Second, and Third Streets, 80 feet each ........................ | 240 feet |
| Fourth Street ...................... | 114 feet |
| Total ....................... | 1,320 feet |

—or the half mile which would be the east and west
dimension of the government town site if that sub-
division were of exact standard size.

1, 2. The discrepancy leading to this controversy
arises from the fact that the later conveyances of the
defendant's predecessors in title start with reference
to the west line, or otherwise the northwest corner of
the town plat instead of the original town site granted
by the United States.   It is claimed by the plaintiff,
and we think the testimony preponderates to show,
that the legal subdivision constituting the town site
contains more than 40 acres, making the west bound-
ary thereof still farther west than the west line of the
town plat.   In other words, the plat did not cover all
the town site as granted by the United States.   Be-
ginning, as it did, at the northwest corner of the gov-
ernment town site instead of the same corner of the
subsequently laid out plat, the deed from Boyd to
the academy gave color of title to the premises in-
cluded in its description.   We are convinced that the

preponderance of the testimony·is to the effect that the plaintiff and its grantors have held actual adverse possession of the strip in dispute for more than a quarter of a century which, if nothing else were shown, would constitute a sufficient showing to sustain the decision of the Circuit Court.

The decree is affirmed.          Affirmed.